**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BRIAN KEITH EOFF, ) | |
| ID # 126064164, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1527-N-BH |
| ) | |
| BOB ALFORD, Sheriff, ) | |
| Johnson County, Texas, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Brian Keith Eoff (Plaintiff), a pretrial detainee at the Johnson County Jail, sues Johnson County Sheriff Bob Alford; Johnson County Jail Senior Warden Eddie Williams; Johnson County Jail Assistant Warden Jimmy Johnson; LaSalle Southwest Corrections Executive Director Rodney Cooper; and Texas Commission on Jail Standards Executive Director Brandon S. Wood. (*See* doc. 3 at 3.)[1] He alleges that each defendant violated his First Amendment right of access to the courts by failing to provide a law library at the Johnson County Jail. (*Id.*) He alleges that Sheriff Alford is in charge of the jail; LaSalle Executive Director Cooper entered into a contract for LaSalle to oversee the jail; Warden Williams works for LaSalle; Assistant Warden Johnson handles the day-to-day operations in the Jail; and Executive Director Woods ruled that it is not necessary for the jail

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to provide a law library. (*See* doc. 9 at 3-4.)[2]

Plaintiff alleges that after he was arrested for failing to comply with sex offender registration requirements in September 2013, he wanted to have an examining trial and sought access to a law library to prepare, but the request was never answered. (doc. 3 at 5; doc. 9 at 2.) He also appears to allege that he wanted to file a challenge in Travis County under Article 62.003(c) to the State's use of his prior California conviction for unlawful sexual intercourse with a minor as a basis for the charge of failure to comply with sex offender registration requirements pending in Johnson County. (doc. 3 at 5; doc. 9 at 2-3, 6.) He acknowledges that he was appointed counsel for his Johnson County case approximately one week later, but his counsel never sought an examining trial on his behalf. (doc. 3 at 5.) He did not have an examining trial and was later indicted. (*Id.*)

Plaintiff also claims his civil rights have been violated because he and other inmates in his cell block who are being held for sex offenses are served "coffee and juice that is frequently contaminated with cleaning chemicals and urine" or that is "watered down", and food that is "routinely served at improper temperatures" with "inadequate portions". (*Id.* at 6-7.) Plaintiff seeks declaratory and injunctive relief and also seeks monetary compensation. (*Id.* at 8.). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also sub-

---

[2] Plaintiff's answers to the court questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

ject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the

3

deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A. **Supervisors**

Plaintiff names several supervisory level officials at both the Johnson County Jail and the private corporation that allegedly administers it. He does not allege that any of these defendants were personally involved in the alleged failure to provide him access to the law library, or in the provision of contaminated drinks or inadequate food.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff has not alleged that any of the defendants were personally involved in any alleged violation of his civil rights; he appears to sue them based solely on their supervisory roles. To the extent his claims against the defendants are based only on their roles as supervisors, the claims should be dismissed.

B. **Access to Courts**

Prisoners have a constitutionally recognized right to access to the courts. *Bounds v. Smith*,

430 U.S. 817, 821 (1977).[3] This includes either "adequate law libraries or adequate assistance from persons trained in the law" *Id.* at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access).[4] The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353–54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff

---

[3] *See also Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[4] *See also Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that a prisoner cannot prevail on an access-to-the-courts claim without proof of actual injury )); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that a plaintiff must show prejudice to his position as a litigant)(citations omitted).

must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id.* at 416 (internal quotation marks omitted).

A plaintiff represented by court-appointed counsel has no constitutional right of access to a law library. *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996)("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained n the law") (citation omitted); *see also Caraballo v. Fed. Bureau of Prisons,* 124 F. App'x 284, 285 (5th Cir. 2005) (holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted).

Here, Plaintiff's complaint reflects that he had a court-appointed attorney for the criminal case in Johnson County for failure to comply with sex-offender registration requirements. (*Id.* at 6.) Any challenge that he wanted to file in Travis County under Article 62.003(c) to the State's use of his prior California conviction as a basis for the charge of failure to comply with sex offender registration requirements would necessarily be related to the Johnson County case.[5] (doc. 3 at 5-6.) Because he concedes that he received court-appointed counsel for that case, he has failed to state an access-to-courts claim upon which relief may be granted.

---

[5] Chapter 62 of the Texas Code of Criminal Procedure provides the scope of Texas's sex offender registration program and the duties of those who administer it. *Crabtree v. State*, 389 S.W. 3d 820, 824-25 (Tex. Crim. App. 2012). Article 62.102 sets forth the offense of failure to comply with registration requirements. The registration requirements may be triggered by a out-of-state conviction for an offense that contains elements similar to a Texas offense that would trigger the registration requirements. *See* Tex. Code Crim Proc. Ann. art 62.001(5)(H). Under Article 62.003, the Texas Department of Public Safety (DPS) is responsible for determining whether an out-of-state offense is substantially similar to the elements of a Texas offense requiring registration. Tex. Code Crim. Proc. Ann. art 62.003(a). A challenge to that determination must be filed in a district court in Travis County. *Id.* at art. 62.003(c). A DPS Article 62.003(a) determination is an "essential element of the offense of failure to comply with registration requirements" based on an out-of-state conviction or adjudication. *Crabtree*, 389 S.W. 3d. at 832. Because the determination of whether the California conviction is substantially similar to a Texas offense is an element that must be proven to convict Plaintiff of the pending Johnson County charge for failure to comply with the registration requirements, any challenge by him to that determination is necessarily related to the Johnson County charge.

**C.     Cell Block Conditions**

As a pretrial detainee, Plaintiff's constitutional rights to adequate conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Under either amendment, the inquiry is the same. *Id.* at 643. To be found liable for denying humane conditions of confinement, a prison official must know about and disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Two requirements must be met. *Id.* at 834. First, the alleged deprivation must "be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " *Id.* (citations omitted). The second requirement "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates'" constitutional concerns—the "prison official must have a 'sufficiently culpable state of mind.'" *Id.* (citations omitted). In short, the plaintiff must "show that a state official acted with deliberate indifference to a substantial risk of serious ... harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000).

Plaintiff makes general allegations about the conditions in his cell block, but he does not allege that any of the defendants knew about these conditions.  He makes no specific factual allegations of deliberate harm or wanton disregard of his rights by any defendant. To the extent that he seeks to assert this claim against the defendants based on their own actions rather than on their supervisory roles, he has failed to state a plausible claim against each defendant.

### IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b) as frivolous. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6]

**SIGNED this 14th day of January, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.